**PHARMASTEM THERAPEUTICS, INC., Plaintiff–Appellant,**

v.

**VIACELL, INC., Defendant– Cross Appellant,**

and

**Cryo–Cell International, Inc. and Corcell, Inc., Defendants– Cross Appellants,**

and

**Cbr Systems, Inc. (formerly Cord Blood Registry, Inc.), Defendant–Cross Appellant,**

and

**Nustem Technologies, Inc., Birthcells Technology, Inc., and Bio–Cell, Inc., Defendants.**

Nos. 05–1198, 05–1232.

United States Court of Appeals, Federal Circuit.

June 2, 2005.

Before MICHEL, Chief Judge, DYK and PROST, Circuit Judges.

PROST, Circuit Judge.

*ORDER*

ViaCell, Inc. et al. submit a notice of jurisdictional question, which the court treats as a motion to dismiss the appeals. PharmaStem Therapeutics, Inc. opposes.

PharmaStem sued the defendants for infringement of two patents. The jury found infringement and that the patents were not invalid. The parties filed post-trial motions. The defendants also moved to hold PharmaStem in contempt of a previous injunction that enjoined PharmaStem from making false and misleading communications. Ultimately, the district court upheld the jury's validity determination and found noninfringement. The motion for contempt remains pending. The parties appealed and cross-appealed.

ViaCell questions whether there is a final judgment because (1) the district court's judgment does not expressly mention its requests for declaratory judgments of invalidity and unenforceability, and (2) the contempt motion is pending. Regarding invalidity, the district court clearly decided the invalidity and unenforceability issues and thus the declaratory judgment counterclaims were adjudicated. However, regarding the pending contempt motion, it appears that because the matter has not been adjudicated, there is no final judgment. *See Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Here, litigation on the merits is not complete because of the pending motion, which was filed before entry of an otherwise final judgment.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss the appeals is granted.

(2) All sides shall bear their own costs.